IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THEODORE WAGNER, #98565-071,<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | § | 3:11-CV-3597-M |
| | § | |
| UNKNOWN OFFICERS of the DEPT.<br>OF JUSTICE,<br>　　　Defendants. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening. For the reasons that follow, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be denied, and that this action be dismissed as barred by the three-strike provision of 28 U.S.C. § 1915(g).

**I. BACKGROUND**

Plaintiff, a federal inmate confined within the Bureau of Prisons at FCI Seagoville, filed a *pro se* civil rights complaint against unknown officers, alleging a First Amendment violation stemming from the removal of personal legal boxes from his cell during a routine search. He seeks monetary relief. Along with the complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* and other pleadings challenging the validity of the Prison Litigation Reform Act. The Court did not issue process pending preliminary screening.

**II. DISCUSSION**

Section 28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform

Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007). The United States Court of Appeals for the Fifth Circuit has upheld the constitutionality of the three-strike provision. *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997).

Plaintiff has accrued three strikes under section 1915(g). The United States District Court for the District of South Carolina dismissed two of his non-habeas civil actions as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and/or 1915A(b). *Wagner v. United States*, No. 3:06-CV-2838, 486 F.Supp.2d 549 (D.S.C. Jan. 16, 2007), *appeal dism. as frivolous*, 231 Fed. Appx. 267 (4th Cir. Jun. 28, 2007) (unpublished per curiam); *Wagner v. United States*, No. 3:08-CV-2176, 2008 WL 2778925 (D.S.C. Jul. 14, 2008), *aff'd*, 314 Fed. Appx. 626 (4th Cir. Mar. 05, 2009) (unpublished per curiam). In addition, because the United States Court of Appeals for the Fourth Circuit dismissed Plaintiff's appeal from case number 3:06-CV-2838 as frivolous, *see Wagner*, 231 Fed. Appx. at 267, relying on the same reasons set out by the district court, that dismissal counts as strike under section 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996) (counting appeal dismissed as frivolous as an additional strike under section 1915(g)).

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Even when liberally construed, the complaint presents no claim that Plaintiff was in

danger of any physical injury at the time of filing this complaint. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). Therefore, the Court recommends that Plaintiff's motion to proceed *in forma pauperis* be denied.

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court deny Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). The Court further recommends that the District Court dismiss this action pursuant to § 1915(g), unless Plaintiff tenders the $350.00 filing fee to the District Clerk within fourteen (14) days of the filing of this recommendation.

SIGNED this 11th day of January, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).